UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY P. McMAHAN, et al.,

    Plaintiffs,

v.                                                  CASE NO: 8:05-cv-1359-T-23TBM

CRC INDUSTRIES, INC., et al.,

    Defendants.
_____/

**ORDER**

    In June, 2005, the plaintiffs, Jay and Lisa McMahan, sued in state court and claimed that Jay McMahan suffered injuries from using "QD Electronic Cleaner," a marine product manufactured, marketed, and sold by the defendants.  (Doc. 2).  In July, 2005, the defendants, alleging diversity jurisdiction based on the plaintiffs' Florida citizenship and the defendants' California citizenship, removed the action to the district court.  (Doc. 1).  The plaintiffs move (Doc. 7) to remand.

    In support of diversity jurisdiction, West Marine correctly argues:

> For determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "A corporation's principal place of business is determined by looking at the 'total activities' of the corporation."  Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) (quoting Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998)).  "This analysis incorporates both the 'place of activities test' (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation)."  Id. (quoting Vareka Unv., N.V. v. Am. Inv. Properties, Inc., 724 F.2d 907, 910 (11th Cir. 1984)).  The "nerve center test" is the most important factor in

> determining a corporation's principal place of business if it has "far flung" activities, as does West Marine, that cannot be confined to one location. <u>Id</u>. at 1248. In <u>Vareka</u>, the Court found that the corporation's principal place of business was based on the location of the directors, corporate meetings, corporate records, and corporate mailing address. <u>See</u> 724 F.2d at 910.

(Doc. 11 at 6). In other words, West Marine posits the centrality of the "nerve center test" in a determination of the "principal place of business" of a company with "far flung activities."

Offered presumably to evidence West Marine's putatively "far flung activities" is the affidavit (Doc. 11, Ex. A) of Pamela Fields, West Marine's vice-president and general counsel. Ms. Fields states that West Marine's headquarters (including the directors, officers, and corporate records) "are located in Watsonville, California" and that "the general place of business of West Marine is located at 500 Westridge Drive, Watsonville, California, 95076." Also, Ms. Fields mentions a West Marine retail store in Miami, Florida (but fails, for example, to confirm that the identified store is the only one in Florida or that the store is one of a hundred in Florida).

However, Ms. Fields' affidavit includes nothing that details any "far flung operations." The affidavit omits any specification of the states in which West Marine operates, the sales or profit in each state, the employees in each state, and the like. The affidavit fails even to identify the state in which West Marine conducts the most business and, accordingly, fails to identify the state in which the majority or plurality of business occurs. The affidavit omits any details about the Florida operation of West Marine or the California operation, other than the corporate office (although the affidavit

is silent about other offices or facilities).  The affidavit says nothing about the business format of West Marine, e.g., whether West Marine is a manufacturer (if so, where), a wholesaler (if so, where and how much), or a retailer (if so, where and how much).  The affidavit says nothing about the form of corporate organization and governance (subsidiaries, divisions, franchises).

Although an affidavit opposing remand need not provide endless financial and other corporate detail, the removing party has a burden of showing facts sufficient to establish diversity of citizenship, which mere legal conclusions and generalities fail to establish.  A statement that a state is "the principal place of business" is a mere legal conclusion without factual content or weight.  Because West Marine offers no material factual support for the mere legal conclusion that California is West Marine's principal place of business, West Marine fails to meet the burden of showing that diversity jurisdiction exists.  Sweet Pea Marine, Ltd., 411 F.3d at 1247-48; Bel-Bel Int'l Corp., 162 F.3d at 1106.

West Marine is a publicly-traded corporation (NYSE Symbol: WMAR), whose filings with the Securities and Exchange Commission are readily available to any interested person.  A brief review suggests that West Marine, operating in three divisions, earned $683 million in net sales in 2004 as a result of activities in 386 stores in thirty-eight states.  Of course, this information is outside the record of this case (and plays no part in the resolution of the pending motion).  But, in sharp relief to the immense information available about and to a publicly-traded corporation, the sparse

...

and conclusory affidavit of Ms. Fields in no respect commensurately displays or accounts the operation of West Marine and in no respect assures the reader that, based on West Marine's conduct of business in Florida, West Marine is not rightly haled into court in Florida.

The court has neither the right nor the duty to independently investigate the activities of a corporation and ascertain the corporation's "citizenship" for purposes of determining diversity jurisdiction.  The removing party has that burden.  For example, in this case the plaintiffs allege West Marine's citizenship in Florida, a state with an immense coastline; a huge boat-owning population; innumerable harbors, yacht clubs, marinas, docks, and the like; and an enormous fleet of maritime vessels of every stripe and every price.  West Marine responds by pointing to the executive suite in California and ignoring the balance of its business.  West Marine's dismissive submission of a sparse and conclusory affidavit, notwithstanding the readily available and abundant information about the location and extent of the corporate enterprise, leaves the disinterested observer somewhat puzzled but, nonetheless, confident that West Marine has not met the initial burden necessary to maintain federal diversity jurisdiction.

Consequently, the plaintiffs' motion (Doc. 7) to remand is **GRANTED** and the action is **REMANDED**.[1]  The Clerk is directed to close the case and mail a certified copy

---

[1] The plaintiffs move (Doc. 6) for permission for the plaintiffs' counsel to file a motion to remand "subsequent to seeking admission to the Middle Distric[t] but prior to having been granted admission."  Upon consideration of the plaintiffs' counsel's pending admission to the Middle District and the deadline for remand, the motion (Doc. 6) is **GRANTED**.

of this order to the Clerk of the Circuit Court for Pinellas County, Florida, pursuant to 28 U.S.C. § 1447(c).

ORDERED in Tampa, Florida, on August 29, 2005.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   Courtroom Deputy